UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| DANA D. JACKSON, | Civ. No. 19-2302 (DWF/BRT) |
| Plaintiff, | |
| v. | |
| LAURA D. STEELE; SHANE HITCHLER, Senior Inspector, Protective Intelligence Investigator; THE JUDICIAL COUNCIL OF THE 7TH CIRCUIT; JOHN M. SCAFFIDI, Trustee Attorney; U.S. BANKRUPTCY JUDGE BRETT H. LUDWIG, | **REPORT AND RECOMMENDATION** |
| Defendants. | |

---

This matter comes before the Court on Plaintiff Dana D. Jackson's Complaint (Doc. No. 1), First Amended Complaint (Doc. No. 10-1), and Motion Requesting Service on Defendants (Doc. No. 11) ("Service Motion"). For the reasons discussed below, the Court recommends dismissing this action without prejudice and denying the Service Motion as moot.

### I. BACKGROUND AND COMPLAINT ALLEGATIONS

Jackson filed the original Complaint on August 20, 2019. (*See* Compl. 1.) She then filed a First Amended Complaint on September 5, 2019. (*See* First Am. Compl. 10-1.) Under Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it . . . ." Here, the Complaint has

yet to be served and Jackson may thus amend her original Complaint as a matter of course. The Court will therefore treat the First Amended Complaint as this action's operative pleading.

Standing alone, the First Amended Complaint's allegations are difficult to understand; some context from records in the U.S. Bankruptcy Court for the Eastern District of Wisconsin (the Bankruptcy Court) makes the situation clearer.[1] On March 11, 2019, Gabrielle Jahana Brown filed a voluntary petition for a Chapter 7 bankruptcy in the Bankruptcy Court. *See* Voluntary Pet. for Individuals Filing for Bankruptcy, *In re Brown*, Bankr. Pet. No. 19-21868-BHL (Bankr. E.D. Wis. Mar. 11, 2019). Jackson, a nonlawyer doing business as Blue4DPrint, Inc., prepared the petition. *See id.* at 10.[2]

Citing federal bankruptcy law, the Bankruptcy Court directed Jackson to file a Form 2800 – that is, a "Disclosure of Compensation of Bankruptcy Petition Preparer." Letter from Janet L. Medlock, U.S. Bankr. Ct. for the E.D. of Wisc., to Dana Jackson, *In re Brown*, Bankr. Pet. No. 19-21868-BHL (Bankr. E.D. Wis. Mar. 11, 2019).[3] Jackson

---

[1]  The records cited in this and the next few paragraphs are not attached to any filings. They are publicly accessible, however, and this Court may take judicial notice of public court records during case screening under 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Milner v. Roy*, No. 14-CV-3079 (PJS/HB), 2014 WL 5489288, at *5 n.2 (D. Minn. Oct. 30, 2014), *aff'd*, No. 14-3654 (8th Cir. Feb. 26, 2015).

[2]  Because the petition is not consecutively paginated, references to it use the page numbers provided by the Bankruptcy Court's CM/ECF filing system.

[3]  *Cf.* 11 U.S.C. § 110(h)(2) ("A declaration under penalty of perjury by the bankruptcy petition preparer shall be filed together with the petition, disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case, and any unpaid fee charged to the debtor.").

filed the form, which indicated she had agreed to accept $75.00 from the debtor for document-preparation services, and that she had already accepted $110.00 (apparently including charges for other services). *See* Disclosure of Compensation of Bankr. Pet. Preparer, *In re Brown*, Bankr. Pet. No. 19-21868-BHL (Bankr. E.D. Wis. Mar. 18, 2019).

Shortly thereafter, Defendant Laura D. Steele, an attorney for the U.S. Trustee, filed a motion seeking to (1) disgorge the $110.00 fee from Jackson, and (2) assess Jackson $3,000.00 in penalties for various asserted violations of bankruptcy law. *See* U.S. Trustee's Mot. Seeking an Order for Disgorgement of Fees and Imposition of Penalties Upon Bankr. Pet. Preparers Dana Jackson and Blue4DPrint, Inc., *In re Brown*, Bankr. Pet. No. 19-21868-BHL (Bankr. E.D. Wis. Mar. 18, 2019) (Disgorgement Motion).[4] Among other things, the motion observed that Brown's bankruptcy petition contained numerous omissions and typographical errors. *See id.* at 1, 4. After Jackson responded to Steele's motion, and the Bankruptcy Court held a hearing, the Bankruptcy Court denied the motion. *See* Ct. Minutes & Order 2, *In re Brown*, Bankr. Pet. No. 19-21868-BHL (Bankr. E.D. Wis. May 20, 2019). Ultimately, the Bankruptcy Court closed Brown's

---

[4] Specifically, Steele asserted that Jackson failed to disclose her correct Social Security number and failed to inform Brown of the presumed reasonable fee for bankruptcy-petition preparation. *See id.* at 5. Within the Eastern District of Wisconsin, "the presumptively reasonable fee that a bankruptcy petition preparer . . . is allowed to charge or collect [is] capped at $75 per case." *See* U.S. Bankr. Ct. for the Eastern Dist. of Wisc., Notice of Fee Cap for Petition Preparers (Jan. 1, 2012), *at* https://www.wieb.uscourts.gov/news/notice-fee-cap-petition-preparers-effective-january-1-2012 (last accessed Oct. 4, 2019).

3

bankruptcy matter without entering a bankruptcy discharge. Notice, *In re Brown*, Bankr. Pet. No. 19-21868-BHL (Bankr. E.D. Wis. May 20, 2019).

With this background in place, the Court turns to the First Amended Complaint. Jackson names as Defendants Laura D. Steele, John M. Scaffidi, Shane Hitchler, and U.S. Bankruptcy Judge Brett H. Ludwig. (*See* First Am. Compl. 1–2.) As noted above, Steele is an attorney for the U.S. Trustee. Jackson identifies Scaffidi as "Trustee of the Eastern District of Milwaukee Wisconsin bankruptcy court"; he was the appointed trustee in Brown's bankruptcy proceeding. (*See id.*); Docket, *In re Brown*, Bankr. Pet. No. 19-21868-BHL (Bankr. E.D. Wis.) (*Brown* Docket). Hitchler appears to be a U.S. Marshal working with the U.S. District Court for the Eastern District of Wisconsin. (*See* First Am. Compl. at 1, 24–26.) Ludwig was the bankruptcy judge who handled Brown's bankruptcy. (*See id.* at 1); *Brown* Docket.

As this Court understands Jackson's allegations, she asserts (among other things) the following:

- Steele defamed and/or slandered Jackson by filing the Disgorgement Motion. (*See* First Am. Compl. 6, 20–21.) Scaffidi purportedly "summon[ed] . . . Steele to commence" this "libel defamation." (*Id.* at 20.)

- Scaffidi libeled and/or defamed Jackson in a phone call with Brown. (*See id.* at 10–11, 20–21.) Faced with certain bankruptcy-related questions from Brown, Jackson indicated that she should call Scaffidi. (*See id.* at 10.) Brown did so, and during that call Scaffidi allegedly told Brown (among other things) that Jackson's preparation services had "no value at all" and that Jackson "[did] not know what [she was] doing." (*Id.*)

- Steele, Scaffidi, and Ludwig are purportedly involved in an "alliance or confederation" interfering with Jackson's ability to engage in business as a preparer of bankruptcy petitions. (*Id.* at 23–25 (capitalization amended).) As best as the Court can understand, Steele and Scaffidi are allegedly

4

engaged in such interference as a result of their efforts to enforce the Eastern District of Wisconsin's limits on what a petition preparer may charge. (*See, e.g.*, *id.* at 24.) For his part, Ludwig appears to be part of this "alliance" as a result of his agreeing with many of the specifics of the Disgorgement Motion, even though he ultimately denied it. (*See id.*)

- Hitchler is purportedly "illegally protecting" Steele and "carrying out all of her personal wishes." (*Id.* at 25.) Jackson alleges that Hitchler told her (Jackson) that "he wants to make [her] a public spectacle each and every time [she wants] to enter into the federal courthouse building." (*Id.*) He also allegedly told Jackson that she is "only allowed to enter [the federal courthouse] for official business" and that "it is apparent [that Jackson needs] help." (*Id.*)

In addition to repeatedly referring to libel and defamation, Jackson claims that Defendants have violated her "constitutional and civil rights." (*Id.* at 27.) Her list includes 28 U.S.C. § 1654;[5] Article I, Section 8, Clause 4 of the U.S. Constitution;[6] the Fourteenth Amendment's equal-protection guarantee;[7] the U.S. Constitution's Contracts Clause;[8] the Americans with Disabilities Act, 42 U.S.C. §§ 12101–213; and "restraint of

---

[5]   Section 1654 states that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

[6]   Under this provision, "[t]he Congress shall have Power To . . . establish . . . uniform Laws on the subject of Bankruptcies throughout the United States."

[7]   The Fourteenth Amendment provides, in relevant part, that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV, § 1.

[8]   Under this provision, "No State shall . . . pass any . . . Law impairing the Obligation of Contracts." *Id.* art. I, § 10, cl. 1.

(Footnote Continued on Next Page)

5

trade."[9] (*Id.* at 27–29.) For relief, Jackson requests monetary damages from Steele and the U.S. Marshals Service for the Eastern District of Wisconsin. (*See* First Am. Compl. 16, 31.)

## II.   ANALYSIS

### A.   Screening Standards

Jackson did not pay this action's filing fee; she instead filed for *in forma pauperis* ("IFP") status. (*See* Doc. No. 2, Appl. to Proceed in Dist. Ct. Without Prepaying Fees or Costs.) In a prior order, this Court granted Jackson's IFP application. (*See* Doc. No. 8, Order 2.)

In cases where the plaintiff sought and received IFP status, 28 U.S.C. § 1915(e)(2) specifies that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." While § 1915(e)(2) speaks in terms of dismissing "the case," courts routinely dismiss portions of cases (as opposed to entire actions) on the basis of this provision. *See, e.g.*, *Bonczek v. Bd. of Trustees Nat'l Roofing Indus. Pension Plan*, No. 14-CV-3768 (JRT/LIB), 2015 WL 1897837, at *4 (D. Minn. Apr. 23, 2015); *Abduljabbar v. Minn. Dep't of Transp.*, No. 14-CV-3583 (ADM/JSM), 2014 WL 7476513, at *4 (D. Minn. Nov. 5, 2014), *report and recommendation adopted*, 2015 WL 75255 (D. Minn. Jan. 6, 2015).

---

[9]   The Court assumes that Jackson means here the Sherman Act's ban on "restraint of trade." *Cf.* 15 U.S.C. § 1 ("Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal.").

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). The complaint's factual allegations need not be detailed, but they must be enough to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing a complaint's sufficiency, the court may disregard legal conclusions couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but must still allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing cases).

Furthermore, under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Again, while Rule 12(h)(3) speaks of dismissing "the action," courts routinely use the rule to dismiss portions of actions where jurisdiction is lacking. *See, e.g.*, *Chernin v. United States*, 149 F.3d 805, 813–14 (8th Cir. 1998); *In re Polaris Mktg., Sales Practices, and Prod. Liab. Litig.*, 364 F. Supp. 3d 976, 982–84 (D. Minn. 2019).

### B.   Defendants Scaffidi and Steele

In *Barton v. Barbour*, the U.S. Supreme Court held that a plaintiff could not bring a cause of action against a court-appointed receiver without the appointing court's leave. 104 U.S. 126, 128–31 (1881). Under the resulting "*Barton* doctrine," a party must "obtain leave from the bankruptcy court before bringing an action in another forum against the

trustee for acts done in the trustee's official capacity." *Alexander v. Hedback*, 718 F.3d 762, 767 (8th Cir. 2013) (citing cases). If the relevant bankruptcy court has not granted such leave, the court in which the plaintiff brought suit lacks jurisdiction over the claims against the trustee. *See, e.g.*, *Ariel Preferred Retail Grp., LLC v. CWCapital Asset Mgmt.*, 883 F. Supp. 2d 797, 818 (E.D. Mo. 2012) (finding that no subject-matter jurisdiction existed where *Barton* doctrine applied); *Jaynes v. Husch & Eppenberger, L.L.C.*, No. 05-CV-0588 (ODS), 2005 WL 8159051, at *2 (W.D. Mo. Sept. 7, 2005) (same).

Jackson's allegations against Scaffidi plainly concern acts done in his official capacity as the trustee in Brown's bankruptcy – indeed, Jackson told Brown to call Scaffidi to answer bankruptcy-related questions. (*See* First Am. Compl. 10.) There is no hint in Jackson's filings, or in the Bankruptcy Court docket for Brown's bankruptcy, that Jackson has sought leave from the Bankruptcy Court to sue Scaffidi. This Court thus recommends dismissing (without prejudice) this action's claims against Scaffidi, based on lack of subject-matter jurisdiction.

For her part, Steele served as the attorney for the U.S. Trustee. "[C]ourts have held that the attorney for a trustee, representing the estate and acting at the direction of the trustee, is the functional equivalent of a trustee and is also protected by the *Barton* rule." 1 Richard Levin & Henry J. Sommer, Collier on Bankruptcy ¶ 10.01 (16th ed. 2019); *see also In re Martin*, 287 B.R. 423, 434 (Bankr. E.D. Ark. 2003) (stating that *Barton* doctrine "also applies to counsel representing a bankruptcy trustee" (citing *Allard v. Weitzman* (*In re DeLorean Motor Co.*), 991 F.2d 1236, 1241 (6th Cir. 1993))); *cf. Lingenfelter v. Stoebner*, No. 03-CV-5544 (JMR/FLN), 2005 WL 1225950, at

8

*3 (D. Minn. May 23, 2005) ("The *Barton* rationale extends to agents who are 'the functional equivalent of a trustee, where . . . they act at the direction of the trustee and for the purpose of administering the estate or protecting its assets.'" (quoting *Allard*, 991 F.2d at 1241)), *aff'd*, 188 F. App'x 554 (8th Cir. 2006). The conduct of Steele's that Jackson describes is activity done as part of Steele's role as serving as a trustee's attorney – that is, enforcing bankruptcy laws concerning bankruptcy-petition preparers. The *Barton* doctrine thus applies to Jackson's claims against Steele. The Court thus recommends dismissing (without prejudice) Jackson's claims against Steele, again for lack of subject-matter jurisdiction.

### C.     Defendant Ludwig

As noted above, Ludwig was the bankruptcy judge overseeing Brown's bankruptcy. "A judge is immune from suit . . . in all but two narrow sets of circumstances." *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012) (citing *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)). These exceptions are that (1) "'a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity'"; and (2) "'a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" *Id.* (quoting *Mireles*, 502 U.S. at 11–12). For the first exception, "'[a]n act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity.'" *Id.* (quoting *Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982)). For the second exception, courts are to construe a judge's jurisdiction broadly, such that "'[a] judge will not be deprived of immunity because the action he took was in error, was done

9

maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.'" *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–357 (1978) (brackets in *Schottel*)).

Under these standards, Ludwig is immune from liability for whatever claims Jackson seeks to bring. Whatever claims Jackson purports to have against Ludwig stem from his judicial handling of Brown's bankruptcy – in other words, paradigmatic "judicial actions." And there is no suggestion that his handling of Brown's bankruptcy somehow took place "in the complete absence of all jurisdiction." As a result, neither exception to absolute judicial immunity applies here, and so the immunity itself applies. The Court therefore recommends dismissing Jackson's claims against Ludwig with prejudice.

### D.     Defendant Hitchler

Jackson does not specify what causes of action she presses against Hitchler, and on review of the Hitchler-related allegations (and the causes of action that Jackson does mention), the Court is unsure what causes of action are supposed to apply to him. As best as the Court can tell, Jackson has two main sets of allegations regarding Hitchler.

- "Alliance, or Confederation U.S. Constitution—Article 1 Section 10 Contract Clause—Laura D Steele is working with critical and powerful parties within the federal court, especially the U.S. Marshal Shane Hitchler which is known here to be problematic in subjugation use of power in secret with Laura D Steele illegally protecting and carrying out all of her personal wishes to instigate or stir up (an undesirable or violent sentiment or course of action) and vows to not obligate himself to giving me fair hearing or written documents of any sort of form; the Federal Building is being subjugated by the Marshal Shane Hitchler and his partner Robert an accomplice to this alliance of no legal standing or bearing except to say I am bullied out of my livelihood without mercy or remorse." (First Am. Compl. 24–25 (errors in original).)

10

- "Alliance, or Confederation U.S. Constitution—Article 1 Section 10 Contract Clause—Laura D Steele is working with critical and powerful parties within the federal court, especially, the accomplices of the U.S. Department of Justice United States Marshals Service exercising civil violations with such power over me as a united states citizen, where I was not regarded as a matter relevant for citizenship, and the US Marshals told me that he wants to make me a public spectacle each and every time I want to enter into the federal courthouse building and that I am only allowed to enter for official business otherwise I am barred from the federal jurisdiction area permanently. He repeatedly said exclaimed that he is not obligated, to put anything in writing or give me anything saying any of his stipulations and rules. He said because it is apparent I need help, referring to the dehumanizing bullying tactic he used to let me know that he is aware I suffer from mental illness . . . ." (*Id.* at 25–26 (errors in original).)[10]

As a threshold point, while both paragraphs refer to the U.S. Constitution's Contracts Clause, that Clause cannot support a cause of action against Hitchler. The Contracts Clause states that "[n]o State shall . . . pass any . . . Law impairing the Obligation of Contracts." U.S. Const. art. I, § 10, cl. 1. As this suggests, the Clause's thrust is to bar states from passing laws that inappropriately burden contractual relationships. As a result, to allege a Contracts Clause claim, a plaintiff must plead "(1) a contractual relationship; (2) a change in law which impairs that contractual relationship; and (3) [that] the impairment is substantial." *Mo. Corr. Officers Ass'n, Inc. v. Mo. Dep't of Corr.*, No. 10-CV-4168 (NKL), 2011 WL 1990475, at *3 (W.D. Mo. May 23, 2011) (citing *General Motors Corp. v. Romein*, 503 U.S. 181, 186 (1992)). This Court need not opine on whether enforcing various bankruptcy laws

---

[10] Construing the Complaint's allegations liberally, this Court will assume that Jackson means to refer to Hitchler here, even though his name does not appear in this paragraph.

implicates the Contracts Clause. All the Court need address here is whether Jackson's Hitchler-related allegations state a Contracts Clause claim. They plainly do not.

In addition, it appears that Plaintiff may be alleging that Hitchler's treatment of Jackson runs afoul of the Americans with Disabilities Act, 42 U.S.C. §§ 12101–213. Under 42 U.S.C. § 12132, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." But this cause of action cannot succeed as to Hitchler. The Act's applicable definition of "public entity" refers, in relevant part, to state and local governments; not federal entities such as the U.S. Marshals Service. *See* 42 U.S.C. § 12131(1)(A)–(B); *see also Cty. of St. Louis v. Thomas*, 967 F. Supp. 370, 376 (D. Minn. 1997) ("[T]he ADA does not provide a cause of action against the federal government . . . . " (citing 42 U.S.C. § 12131(1)(A)–(B)). Plaintiff therefore fails to state a claim for which this Court can grant relief again Hitchler, and this Court recommends dismissing those claims without prejudice.

### III.   CONCLUSION

For the reasons discussed above, the Court recommends dismissing this action: the claims against Ludwig should be dismissed with prejudice, and the claims against the remaining Defendants should be dismissing without prejudice. Given that outcome, the Court also recommends denying the Service Motion as moot.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. The claims in Dana D. Jackson's First Amended Complaint (Doc. No. 10-1) against Defendants Laura D. Steele, John M. Scaffidi, and Shane Hitchler be **DISMISSED WITHOUT PREJUDICE**.

2. The claims in Dana D. Jackson's First Amended Complaint (Doc. No. 10-1) against Defendant Brett H. Ludwig be **DISMISSED WITH PREJUDICE**.

3. This action be **DISMISSED**.

4. Jackson's Motion Requesting Service on Defendants (Doc. No. 11) be **DENIED** as moot.


Dated: October 8, 2019           _s/ Becky R. Thorson_____
                                 BECKY R. THORSON
                                 United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).